UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FREDERICK GROSS,

                       Plaintiff,                          **REPORT AND**
                                                                         **RECOMMENDATION**
          -against-                             CV 23-2418 (GRB)(AYS)

U.S. DEPARTMENT OF VETERANS AFFAIRS,
INTRATEK COMPUTER INC.,

                       Defendants.
-------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Before the Court, on referral from the Honorable Gary Brown, is the motion of Defendant Intratek Computer, Inc. ("Intratek") to vacate the notation of default entered against it herein on June 5, 2023. In the event that the default is vacated, Intratek also seeks additional time in which to answer. (Docket Entries ("DE") [11], [16].) This Court recommends that the motion be granted.

BACKGROUND

      Plaintiff, Frederick Gross ("Gross" or "Plaintiff"), commenced this action alleging that he was wrongfully terminated from his position working for Defendants. Plaintiff alleges that Intratek and the co-Defendant, United States Department of Veterans Affairs, are co-employers. The action was commenced on March 29, 2023. (DE [1].) On April 13, 2023, Plaintiff was granted leave to proceed in forma pauperis. (DE [6].) A summons against Intratek was issued on that day. (DE [7].) A return of service indicates that service was made on Intratek on April 27, 2023, by personal service on a manager at Intratek's office in Irvine, California. (DE [8].) Intratek's answer was due on May 18, 2023. (Id.) Intratek did not answer by that date, and on May 22, 2023, Plaintiff requested that the Clerk of the Court enter a notation of default against

1

Intratek. (DE [10].) On June 5, 2023, the Clerk of the Court noted Intratek's default pursuant to Rule 55 of the Federal Rules of Civil Procedure. (DE [11].)

On the same day that Intratek's default was noted, its counsel filed a notice of appearance herein. (DE [13].) Counsel also submitted a letter to this Court noting that their firm had just been retained, had completed its conflicts check, and was about to confer with their client about the case. (DE [14].) Counsel referred to the recent entry of default and requested that judgment not be entered against their client. (Id.) Counsel also indicated that they tried, without success, to contact Plaintiff but had left him a voicemail. (Id.) Three days later, counsel filed the within motion seeking to vacate the notation of default against Intratek. As noted, the motion was shortly thereafter referred to this Court for report and recommendation.

## DISCUSSION

I.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a notation of default is entered by the Clerk, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). This is a more lenient standard than that required to set aside a default judgment under Rule 60(b). See Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

Courts consider three factors in determining whether good cause exists to vacate a clerk's entry of default: (1) the willfulness of the default; (2) the existence of any meritorious defenses; and, (3) prejudice to the non-defaulting party. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96

(2d Cir. 1993). The foregoing factors are 'to be weighed and balanced" with no one factor being determinative. Staples, Inc. v. W.J.R. Assocs., No. 04-cv-0904, 2005 WL 820496, at *3 (E.D.N.Y. Apr. 7, 2005) (citations omitted). The defaulting party bears the burden of demonstrating that vacatur is warranted. See In re Martin-Trigona, 763 F.2d 503, 505 n.2 (2d Cir. 1985).

A motion to vacate a notation of default is "left to the sound discretion of the district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp., 10 F.3d at 95. However, it is well-established that default judgments are "generally disfavored" in the Second Circuit, where the preference is for "resolving disputes on the merits." Id. at 95-96. Accordingly, "the 'good cause 'standard of Rule 55(c) 'should be construed generously 'and, 'when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.'" SEC v. Patel, No. 21-cv-994, 2022 WL 2704099, at *4 (D. Conn. July 12, 2022) (citing Enron Oil Corp., 10 F.3d at 96).

II.  The Motion Should be Granted

Upon review of the docket herein, and counsel's motion, this Court finds that good cause exists to vacate the Clerk's entry of default. First, the default was not willful. A finding of willfulness requires "evidence of bad faith" or the presence of "egregious or deliberate conduct." American Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). Willfulness "refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and . . . not satisfactorily explained." Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (quoting SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)).

As explained by Intratek, its late response was a result of the remote operation of its office and the mistaken belief that this matter was already forwarded to its insurance carrier. When this mistake was uncovered, Intratek acted promptly to obtain representation. These acts took place within days of the answer first being due. While it is true that Intratek failed to timely file its answer, the default was inadvertent, promptly corrected, and was not willful within the meaning of the relevant case law. This factor weighs in favor of granting Defendant's motion to vacate the Clerk's entry of default.

Second, Intratek's motion reveals a meritorious defense. The existence of a meritorious defense "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Corp., 10 F.3d at 98 (citation omitted). Courts in this circuit routinely recognize that the defendant's "allegations are meritorious if they contain 'even a hint of a suggestion 'which, if proven at trial, would constitute a complete defense." Sea Hope Navigation Inc. v. Novel Commodities SA, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013) (quoting Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000)). Intratek's position that it has not defamed Plaintiff, who was an at-will employee, satisfies its burden of showing meritorious defense. "'The defense need not be ultimately persuasive at this stage,' it need only be enough 'to give the fact finder some determination to make.'" CFTC v. Musorofiti, No. 05-cv-3917, 2007 WL 2089388, at *5 (E.D.N.Y. July 17, 2007) (quoting Am. Alliance Ins. Co., 92 F.3d at 61). Intratek has satisfied this burden. Accordingly, this factor also weighs in favor of granting its motion to vacate the Clerk's entry of default.

Finally, the factor of prejudice weighs in favor of vacating the default. When considering this factor, courts look to "the effect of the delay caused by the defendant's default, such as

4

thwarting plaintiff's recovery or remedy . . . resulting in the loss of evidence, creating increased difficulties or discovery, or providing greater opportunity for fraud or collusion." GEICO v. Anikeyev, No. 14-cv-3775, 2016 WL 1275042, at *6 (E.D.NY. Mar. 31, 2016) (quoting Swarna v. Al-Awadi, 622 F.3d 123, 142 (2d Cir. 2010)). "[D]elay alone," however, "is not a sufficient basis for establishing prejudice." New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005) (quotation marks and citation omitted).

Intratek's counsel appeared herein and requested that judgment not be entered on June 5, 2023, slightly over two weeks after its answer was due. The motion to vacate was made three days later. This case was commenced less than three months ago, and a discovery schedule has not yet been entered. Indeed, the time for an initial conference has not yet arrived since the answer of Intratek's co-defendant is not yet due. Granting Defendant's motion to vacate the Clerk's entry of default will result in no prejudice to Plaintiff. There is no question but that this factor weighs heavily in favor of vacating the Clerk's entry of default.

In sum, the Court's consideration of all factors weigh in favor of vacating the Clerk's entry of Intratek's default. The motion should be granted.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that the motion of Defendant Intratek to vacate the Clerk's notation of default entered on June 5, 2023 be granted. This Court also recommends that the time for Intratek to respond to the Complaint be extended to two weeks after the District Court makes a final ruling as to whether to adopt the instant Report and Recommendation.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to Defendants' counsel via ECF. Further, the Court is directing Defendant Intratek's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es), and to file proof of service on ECF, by June 19, 2023. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated: Central Islip, New York
       June 15, 2023                                     /s/     Anne. Y. Shields
                                                        ANNE Y. SHIELDS
                                                        United States Magistrate Judge